UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

U.S.A. vs. Phillip Allen Brooks     Docket No. 7:10-CR-80-1H

## Petition for Action on Supervised Release

COMES NOW David W. Leake, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of, Phillip Allen Brooks, who, upon an earlier plea of guilty to Felon in Possession of a Firearm and Ammunition, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge on September 16, 2011, to the custody of the Bureau of Prisons for a term of 41 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Phillip Allen Brooks was released from custody on November 4, 2014, at which time the term of supervised release commenced.

A Violation Report was submitted on January 6, 2015, advising the court that the defendant submitted to a urine test on December 15, 2014, which tested positive for marijuana. On January 7, 2015, this court agreed to hold the positive test in abeyance, and allowed the defendant to complete a substance abuse assessment with CDTEG, Inc. in Jacksonville, North Carolina, and continue participation in the Surprise Urinalysis Program at an increased frequency.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The undersigned officer assumed supervision of the defendant on January 12, 2015. On January 20, 2015, the defendant submitted to a urine test, which tested positive for marijuana. Laboratory testing confirmed this to be a subsequent use of marijuana. The positive test was addressed with the defendant on February 12, 2015, and he admitted that he failed to report to CDTEG for a substance abuse assessment as previously directed by the court. Therefore, he was admonished to complete the assessment which he did on March 3, 2015.

On February 17, 2015, the defendant was cited for Driving While License Revoked and Expired Registration Card or Tag (15CR701505) in Onslow County, North Carolina. He admitted to driving but maintains that he was only attempting to determine the source of a noise coming from his girlfriend's vehicle. The charges remain pending.

On April 3, 2015, the defendant was directed to report to the probation office for his violations to be addressed. At that time, it was confirmed that he was reporting to CDTEG for monthly group substance abuse classes but had not reported for Surprise Urinalysis testing in February 2015. The defendant was given a urine test that day, was informed that his violations would be reported to the court, and was strongly admonished that he needed to demonstrate compliance with all conditions of supervision.

On April 8, 2015, the undersigned officer learned that on March 24, 2015, that the defendant was cited for Driving While License Revoked (15CR702575) in Onslow County, North Carolina. The defendant was directed to report for an office visit the following day. During the office visit on April 9, 2015, the defendant denied being stopped by law enforcement and opined that the charge must have been issued to the individual to whom he loaned his identification card. He was directed to seek resolution of the

citation but was also informed that the court would be made aware of the charge. Later that day, the results of the urine test from April 3, 2015, were received and revealed positive results for marijuana. All violations were addressed with the defendant on April 20, 2015, and he signed a Waiver of Hearing agreeing to the proposed modification of supervision.

To his credit, the defendant is now attending substance abuse treatment classes and is maintaining employment. However, the following modifications are recommended in order to address the three positive urine tests within a 4-month period, the two traffic citations, and the defendant's need for mental health treatment with a focus on anger management. Therefore, it is hopeful that the modifications below will serve to provide a motivation for future compliance.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall participate in a program of anger management treatment, as directed by the probation office.

2. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/ Dwayne K. Benfield | /s/ David W. Leake |
| Dwayne K. Benfield | David W. Leake |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 2 Princess Street Suite 308 |
| | Wilmington, NC 28401-3958 |
| | Phone: 910-346-5109 |
| | Executed On: April 23, 2015 |

### ORDER OF THE COURT

Considered and ordered this 27th day of April 2015 and ordered filed and made a part of the records in the above case.

Malcolm J. Howard
Senior U.S. District Judge